NO. 07-04-0038-CV



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL E



MARCH 16, 2004


__________________________



LEON "BUBBA" SMITH, 



 Appellant


v.



 THE STATE OF TEXAS ex rel. SONYA LETSON,


 


 Appellee

_________________________________



FROM THE 108TH DISTRICT COURT OF POTTER COUNTY;



NO. 91-322-E; HON. JACK D. YOUNG, PRESIDING


_______________________________



Memorandum Opinion on Motion to Dismiss


_______________________________



Before QUINN and REAVIS, JJ., and BOYD, S.J. (1)

 Pending before the court is the motion of the State of Texas to dismiss this appeal
for want of jurisdiction. We overrule the motion.

 Leon "Bubba" Smith appealed, under §51.014(a)(8) of the Texas Civil Practice and
Remedies Code, contending that the trial court erred in overruling his plea to the
jurisdiction of the court. According to the record before us, the State initiated suit against
Smith to remove him from his office of Potter County Constable, Precinct Four. Smith then
filed a plea to the jurisdiction of the trial court asking the trial court to dismiss the suit under
the doctrine of sovereign immunity. The trial court denied the plea, and Smith perfected
an interlocutory appeal from the order. The State now urges us to dismiss the appeal
because the order denying the plea was not final, and Smith cannot invoke §51.014(a)(8)
as a means of vesting us with jurisdiction to resolve the interlocutory dispute. 

 Section 51.014(a)(8) of the Texas Civil Practice and Remedies Code allows one to
appeal an interlocutory order that "grants or denies a plea to the jurisdiction by a
governmental unit as that term is defined in Section 101.001" of the same code. Tex. Civ.
Prac. & Rem. Code Ann. §51.014(a)(8) (Vernon Supp. 2004). The State believes that
Smith cannot invoke that provision because his plea was not one "by a governmental unit." 
Furthermore, it was not one by a governmental unit allegedly because the suit to remove
him from office was not one against him in his official capacity. This very argument was
asserted by the State and rejected by this court in Crawford v. State, No. 07-02-0471-CV
(Tex. App.-Amarillo 2002, no pet.) (not designated for publication). There, we concluded
that an attempt to remove a constable from office was a suit not only against the constable
in his official capacity but also the county. Id. The State neither addresses Crawford in its
motion or attempts to persuade us that the holding was wrong. To avoid inconsistency, we
adopt the reasoning and result in Crawford and apply it to the case now before us. Tex.
R. App. P. 47.7 (permitting citation to a prior opinion not designated for publication). 

 Accordingly, the motion to dismiss is overruled.

 

 Per Curiam
1. John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by assignment. Tex. Gov't
Code Ann. §75.002(a)(1) (Vernon Supp. 2004). 



. The purpose of an Anders brief is to support
a motion to withdraw. Id. 

 Counsel has, at least, four distinct "educational" duties to a client when filing an
Anders brief. First, counsel must provide the appellant with a copy of the Anders brief filed. 
Id. Second, counsel must inform the appellant of his right to file a response in his own
behalf. McMahon v. State, 529 S.W.2d 771, 772 (Tex.Crim.App. 1975). Third, counsel
must advise the appellant of his right to review the record to determine what points to raise
in a pro se response. Id. And finally, counsel must inform the appellant of his right to seek
review, by way of a pro se petition for discretionary review to the Texas Court of Criminal
Appeals in the event the Court of Appeals were to affirm the conviction. Ex Parte Owens,
206 S.W.3d 670, 674 (Tex.Crim.App. 2006).

 Counsel's duty to represent a defendant extends only until charges are dismissed,
the defendant is acquitted, appeals are exhausted, or counsel "is relieved of his duties by
the court or replaced by other counsel after a finding of good cause is entered of record." 
Tex. Code Crim. Proc. Ann. art. 26.04(j)(2) (Vernon Supp. 2006). Thereafter, counsel's
duty to represent his client ceases. Counsel's insistence on his duty to represent Appellant
after the filing of an Anders brief is misplaced and is, in fact, an impediment to this Court's
role in reviewing an Anders appeal. Furthermore, allowing counsel to withdraw from
representation does not prevent or impede counsel from meeting any other duty to his
client--moral, ethical, or otherwise. (3) 

 Therefore, the Court requests that counsel for Appellant reconsider his position. 
Counsel is hereby afforded an opportunity to comply with this Court's request regarding the
filing of a motion to withdraw in light of the filing of a brief in accordance with Anders v.
California. If a motion to withdraw is not filed with the Clerk of this Court on or before June
8, 2007, this appeal will be abated and the cause remanded to the trial court for further
proceedings consistent with this order.

 Per Curiam

Do not publish.
1. Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).
2. Ex Parte Owens, 206 S.W.3d 670, 674 (Tex.Crim.App. 2006), establishes an
"educational burden" upon appellate counsel, following the filing of an Anders brief, to
inform the client of the right to seek review by way of a petition for discretionary review to
the Texas Court of Criminal Appeals in the event the Court of Appeals were to affirm the
conviction.
3. Ex parte Owens, 206 S.W.3d 670, 674 n.28 (Tex.Crim.App. 2006)("There is no
particular reason that counsel filing an Anders brief cannot alert his client to the client's
right to file a petition for discretionary review at the same time that he informs his client of 
his rights to file a pro se appellate brief, and to review the appellate record in preparation
of such a pro se brief.")